# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN NYARI, | ) | |
| Plaintiff, | ) | C.A. No. 14-284 Erie |
| | ) | |
| v. | ) | |
| | ) | District Judge Rothstein |
| KEVIN SUTTER, et al., | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute.

### II.    REPORT

Plaintiff Justin Nyari, an inmate incarcerated at the State Correctional Institution at Albion, Pennsylvania, filed this *pro se* civil rights action on November 12, 2014. On March 13, 2015, this Court issued an Order directing Plaintiff to provide USM-285 form service instructions to the United States Marshal for each Defendant so that Defendants can be properly served with the complaint in this matter [ECF No. 5].

On August 18, 2015, this Court received a letter from the U.S. Marshal indicating that the required service instructions were never provided by Plaintiff in accordance with this Court's Order [ECF No. 6]. As a result, on August 26, 2015, this Court issued an Order directing Plaintiff to provide the Marshal with the necessary service instructions by September 15, 2015, or suffer a recommendation that this case be dismissed for failure to prosecute. To date, Plaintiff

1

has continued his failure to provide the required service instructions to the United States Marshal to allow this case to proceed, and plaintiff's mail has been returned with no forwarding address.

## II.    DISCUSSION

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this case. For the last several months, Plaintiff has taken none of the necessary steps to prosecute this case against Defendants. In particular, Plaintiff has failed to comply with multiple Orders of this Court. Alternative sanctions, such as monetary penalties, are deemed inappropriate. Thus, this case should be dismissed due to Plaintiff's failure to prosecute.

## III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case be dismissed for

Plaintiff's failure to prosecute.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: January 8, 2016.

cc:     The Honorable Barbara Rothstein
        United States District Judge